# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re:	Case No. 16-30006
	Chapter 13
Whitney Wright
James Wright, Jr.,

    Debtors.

## ORDER

    On May 4, 2016, the debtors filed a motion to avoid the nonpossessory, nonpurchase-money lien of Cornerstone Finance Company, Inc. (hereinafter Cornerstone) pursuant to 11 U.S.C. § 522(f). Cornerstone objects. At issue is whether a the debtors' recreational hunting bow is a household good under § 522(f)(1)(B)(i).

    Under 11 U.S.C. § 522(f), a debtor may avoid the fixing of a nonpossessory, nonpurchase-money lien of a creditor in the debtor's household goods to the extent that the lien impairs the debtor's exemption. The statute provides:

> (f) (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is–
> > (B) a nonpossessory, nonpurchase-money security interest in any-
> > > (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

11 U.S.C. § 522(f)(1)(B)(i).

    There is no dispute that Cornerstone's lien on the debtor's property is a nonpossessory, nonpurchase money one. Neither do the parties dispute that the lien

impairs the debtor's exemption.  Instead, the dispute here is whether the debtor's recreational hunting bow is a 'household good'.

The term 'household goods' is defined by the Bankruptcy Code.  The Code provides:

> (4)(A) Subject to paragraph (B), for the purposes of paragraph (1)(B), the term 'household goods' means–
> > (xiv) personal effects (including the toys and hobby equipment of minor dependent children and wedding rings) of the debtor and the dependents of the debtor;

11 U.S.C. § 522(f)(4)(A)(xiv).

While the term 'personal effects' is not more particularly defined by the statute, the statute expressly embraces within the term's meaning the toys and hobby equipment of the debtor's minor dependent children.  In the view of the undersigned, if the subset of the debtor's dependents' toys and hobby equipment falls within the definition of the term 'personal effects', the debtor's hobby equipment, being a part of the larger domain, necessarily falls within the definition as well.  Therefore, the court finds that the debtor's recreational hunting bow is a household good under § 522(f)(1)(B)(i).   This holding is in keeping with the policy of liberally construing § 522 in favor of the debtor when deciding whether items are or are not household goods.  *In re Barker*, 768 F.2d 191 (7th Cir. 1985); *In re Courtney*, 89 B.R. 15 (Bankr. W.D. Tx 1988).  Accordingly, it is

ORDERED that the debtor's motion to avoid the nonpossessory, nonpurchase-money security interest of Cornerstone is GRANTED, and Cornerstone's objection thereto is OVERRULED.

Done this the 1st day of July, 2016.

*[signature: Dwight H. Williams, Jr.]*
United States Bankruptcy Judge

c: Debtors
  Mary Conner Pool, Debtors' Attorney
  Cornerstone Finance Company, Inc.
  Trustee